UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GANESH KRISHNAMURTHY and PADMA GANESH, | ) ) ) |
| Plaintiffs, | ) ) ) |
| | ) Case No. 4:04CV1544 RWS ) |
| PRISCILLA J. LIM, | ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

Defendant Priscilla J. Lim sent a letter to Plaintiff Ganesh Krishnamurthy and Padma Ganesh demanding payment of an alleged debt for legal fees. Plaintiffs allegedly owed money to Lim's father, Edgar E. Lim, for legal services he provided to Plaintiffs. Plaintiffs filed this suit against Lim asserting that her collection effort violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Lim has moved for summary judgment asserting that she was an employee of her father's law firm and not a "debt collector" as defined by the Act. There is a genuine factual dispute whether Lim was an employee of her father's law firm. Other material facts are also disputed. Because genuine issues of material fact exist I will deny Lim's motion for summary judgment.

### *Legal standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment

bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Background*

On January 26, 2004, Priscilla Lim sent a letter to Plaintiffs Krishnamurthy and Ganesh demanding payment of an alleged debt owed to Lim's father, Edgar Lim. Edgar Lim had provided legal work to Plaintiffs in 1995. Plaintiffs filed this suit against Priscilla Lim asserting that her letter violated various provisions of the Fair Debt Collection Practices Act. Priscilla Lim asserts that she is not liable under the Act because she was an employee of her father's law firm and, therefore, she was not acting as a debt collector as defined by the Act.

*Discussion*

The Fair Debt Collection Practices Act places restrictions on the methods that debt collectors may use to collect debt owed to creditors. The Act provides a definition of a "debt collector" who is bound by the provisions of the Act. The term debt collector does not include "an officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692(a)(6)(A). An employee of a creditor may be deemed a debt

collector, however, if in the process of collecting the creditor's debt "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692(a)(6).

Priscilla Lim asserts that she was an employee of her father's law firm in January 2004 when she wrote the debt collection letter to Plaintiffs. If she was an employee she could be exempt from any liability under the Act. Yet Priscilla Lim's tax returns for the years 2002 through 2004 indicate that she was not an employee of that firm. She never received W2 statements from the firm and her tax returns list her income as derived from her self-employment. On September 20, 2005, Priscilla Lim's counsel stated at a hearing of Plaintiffs' motion to compel that Priscilla Lim was treated as an independent contractor by Edgar Lim's law firm. This evidence creates a genuine issue of fact as to whether Priscilla Lim was an employee and not subject to the provisions of the Act when she sent the collection letter to Plaintiffs in January 2004.

The collection letter itself raises a genuine issue of fact as to whether Priscilla Lim was collecting the debt in the proper name of the creditor. It is undisputed that the alleged debt was owed to Edgar Lim or to his firm "E. Lim & Associates." Yet the letter sent to Plaintiffs is on letterhead titled "Lim & Lim Attorneys and Counselors at Law" and states that the purpose of the letter is to collect a debt owed to "us" for "our professional services." The letter does not state that it is collecting a debt owed to Edgar Lim or his law firm. It apparently seeks to collect a debt owed to "Lim & Lim" (a law firm that Priscilla Lim admits did not exist). A genuine question of fact has been established as to whether Priscilla Lim was collecting a debt for her father under the correct name.

Also in dispute is whether Priscilla Lim regularly collected or attempted to collect debts owed to her father which might qualify her as a debt collector. In her answers to Plaintiffs' interrogatories Lim stated that she has never been engaged to collect a debt owed to others and has never filed a lawsuit to collect a debt for another. Yet in her deposition she recited several instances when she sent collection letters and filed lawsuits to collect debts owed to her father. This conflicting evidence raises a genuine issue of material fact as to whether Lim regularly collected or attempted to collect debts owed to another.

Priscilla Lim filed a Statement of Uncontroverted Material Facts in support of her motion for summary judgement. Plaintiffs responded to Lim's statement by presenting evidence that raised several genuine issues of material fact. In their response brief Plaintiffs specifically contest many paragraphs of Priscilla Lim's statements of uncontroverted facts. Plaintiffs have sufficiently presented evidence to created disputed issues as to whether (1) Priscilla Lim was an employee of her father's law practice, (2) Priscilla Lim used the correct name of the creditor in her collection letter to Plaintiffs, (3) Plaintiffs always called Priscilla Lim at her father's office, (4) Priscilla Lim was hired by her father to collect debts, (5) Priscilla Lim regularly collects debts owed or due to be owed to others.

Priscilla Lim asserts that some of these issues have been admitted because Plaintiffs failed to cite every instance where these issues were raised in her Statement of Uncontroverted Material Facts. For example, several of Lim's numbered statements raise the issue of whether she was an employee of her father's law firm. Plaintiffs identified Lim's statements # 3 and # 4 and presented evidence that disputes Lim's assertion that she was an employee. Lim responds that Plaintiffs admitted that she was an employee because they did not specifically cite and dispute statement # 1

which also asserts that she was employed by her father's law firm.

Local Rule 4.01(E) does not require a party opposing summary judgment to exhaustively note the paragraph number of each and every statement of uncontroverted fact in order to avoid an admission of a fact that is repeated in several statements. The Rule states that "[t]he opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."

Plaintiffs response to Lim's statement fairly put Lim on notice of the facts that are in dispute. Local Rule 4.01(E) does not require a party opposing summary judgment to specifically cite to each and every paragraph that asserts the same fact. Plaintiffs did not admit any facts simply because they did not dispute every paragraph that asserted the same disputed fact.

Finally, in her motion for summary judgment Lim also moves for damages from Plaintiffs in the amount of $5,538.00 for her lost compensation incurred in having to defend herself in this matter and an additional $7,336.77 in attorneys' fees. The Fair Debt Collections Practice Act allows a defendant to recover attorney fees if the suit was "brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k. The Act does not allow for the recovery of Lim's lost compensation. This request is denied.

Lim asserted in her Statement of Uncontroverted Facts that Plaintiffs had "no basis or even a scintilla of evidence to support their said allegations." This statement is not an uncontroverted fact capable of admission, it is a legal conclusion. More importantly, it is not accurate. Plaintiffs have presented ample evidence from which a jury could find that Lim violated the Fair Debt Collections Practice Act. As a result, Lim's request for attorneys' fees is not

warranted and is denied.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Priscilla J. Lim's Third Motion for Summary Judgment [#16] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of January, 2006.